| | |
|---|---|
| **STATE OF MINNESOTA** | **IN DISTRICT COURT** |
| **COUNTY OF RAMSEY** | **2nd JUDICIAL DISTRICT** |
| | Case Type: TCPA |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| Chester C. Graham, | **Court File No.** |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| World Wide Medical Services, Inc., a Florida profit corporation, | |
| Defendant. | **JURY TRIAL DEMANDED** |

RECEIVED BY MAIL APR 1 6 2018 CLERK, US DISTRICT COURT MINNEAPOLIS, MN

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff Chester C. Graham for his Complaint states and alleges:

## INTRODUCTION

1. Plaintiff brings this action for violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 and regulations thereunder seeking injunctive relief and statutory damages against a telemarketer of medical appliances.

## JURISDICTION AND VENUE

2. Jurisdiction is proper in this Court under the TCPA. **Mims v. Arrow Fin. Servs., L.L.C.**, 132 S.Ct. 740, 745 (2012), 181 L. Ed. 2d 881 (2012).

3. Venue is proper in this Court because the Defendant's place of service is in Ramsey County.

SCANNED APR 1 6 2018 U.S. DISTRICT COURT MPLS

## PLAINTIFF

### Chester C. Graham

4. Plaintiff Chester C. Graham ("Plaintiff") is an adult and resides at 408 Spring Street, apt. #210, Northfield, Minnesota 55057-1581; Telephone: (507) 403-9014; chester474@g.ail.com.

## DEFENDANT

### World Wide Medical Services, Inc.

5. Defendant is a Florida profit corporation ("Defendant") since 2001 with an address: 8508 Benjamin Road, Suite D, Tampa, Florida 33634; Telephone: (813) 961-0606.

6. Defendant sells medical equipment, medical braces, pain management and electrotherapy devices using telemarketing robocalls.

7. Defendant also does business under the unregistered name "Brace Doctor" and "Dr. Bracedoctor."[1]

8. John C. Garcia is Defendant's Registered Agent, at Defendant's address.

9. Dennis Myers is Defendant's General Counsel at Defendant's address.

10. Defendant does not have a Minnesota Registered Agent.

---

[1] Defendant's employees alternately answer the telephone, "Bracedoctor" and "Dr. Bracedoctor."

2

## FACTS

11. Thursday, March 15, 2018, at 3:41 o'clock p.m. Central Standard Time Defendant called Plaintiff's cellular telephone using an automated telephone dialing system (ATDS) and an artificial or prerecorded voice and attempted to sell Plaintiff arm chest and knee braces.

12. Monday, March 19, 2018, at 9:46 o'clock a.m. Central Standard Time and again at 10:47 o'clock a.m. Central Standard Time Defendant called Plaintiff's cellular home telephone, both calls using an ATDS and an artificial and/or prerecorded voice.

13. Both calls failed to state the Defendant's true name and telephone number at the beginning of the call.

14. Plaintiff does not have a prior established business relationship with the Defendant.

15. Plaintiff had not given Defendant prior permission to call Plaintiff using an ATDS or an artificial and/or prerecorded voice.

16. Defendant's calls were made for emergency purposes.

17. Defendant's calls were not for political or charitable purposes.

18. Defendant's calls were willful and knowing.

19. Defendant's calls to Plaintiff's cellular telephone reduced the number of calling minutes available to Plaintiff for that month.

## COUNT ONE

## Violation of 47 U.S.C. § 227(b)(1)(A)(iii)[2]

20. Plaintiff restates and incorporates by reference Paragraphs 1 – 19, *supra.*

21. Defendant's 3 calls to Plaintiff – see Paragraphs 11 and 12, supra - violated § 227(b)(1)(A)(iii) of the TCPA which prohibits calls to cellular telephones using an ATDS and/or an artificial or prerecorded voice and subject Defendant to liability for injunctive relief in relation to Plaintiff and statutory penalties in the amount of $500 for each violation – which can be trebled if the violations were done knowingly and willfully - under § 227(b)(3) of the TCPA.[3]

---

[2] 47 U.S.C. § 227(b)(1)(A)(iii): "Restrictions on the use of automated telephone equipment. (1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States – (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed or guaranteed by the United States."

[3] 47 U.S.C. § 227(b)(3): "Private right of action. A person or entity may, if otherwise permitted by the laws of court of a State, bring in an appropriate court of that Stater – (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500.00 in damages for each such violation, whichever is greater, or (C) both such actions. If the court finds the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an

## COUNT TWO

## Violations of § 227(b)(1)(B) of the TCPA[4]

22. Plaintiff restates and incorporates by reference Paragraphs 1 – 21, *supra*.

23. Defendant's three calls to Plaintiff – see Paragraphs 11 and 12, *supra* – were made without Plaintiff's prior consent to use an artificial or prerecorded voice and violated § 227(b)(1)(B) of the TCPA, subjecting Defendant to liability injunctive relief in relation to the Plaintiff and statutory damages in the amount of $500 for each violation – which can be trebled if found to have been made willfully and knowingly - under § 227(b)(3) of the TCPA.

---

amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph."

[4] 27 U.S.C. § 227(b)(1)(B): "Restrictions on use of automated telephone equipment (1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States – (B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, . . . ."

## COUNT THREE

### Violations of 47 C.F.R. § 64.1200(b)(1)[5]

24. Plaintiff restates and incorporates by reference Paragraphs 1 – 22, *supra*.

25. Defendant's three calls to Plaintiff – see Paragraphs 11 and 12, *supra* - did not state clearly at the beginning of the calls the telephone number and identity of the Defendant – i.e. the name under which the Defendant is registered to conduct business in the State of Florida – World Wide Medical Services, Inc., - as is required by 47 C.F.R. §64.1200(b)(1) and subjects Defendant to liability for injunctive relief in relation to the Plaintiff and statutory penalties in the amount of $500 for each violation – which can be trebled if found to have been made willfully and knowingly - under § 227(b)(3) of the TCPA.

---

[5] 47 C.F.R. § 64.1200(b)(1): "Delivery restrictions. (b) All artificial or prerecorded telephone messages shall: (1) At the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for instigating the call. If a business is responsible for initiating the call, the name under which the entity is registered to conduct business with the State Corporation Commission (or comparable regulatory authority) must be stated."

## COUNT FOUR

### Violation of 47 C.F.R. § 64.1200(d)(1)[6]

26.  Plaintiff restates and incorporates by reference Paragraph 1 – 25, *supra.*

27.  March 27, 2018, Plaintiff sent a letter to Defendant by 1st Class U. S. Mail to Defendant requesting Defendant's do-not-call policy.

28.  To date Plaintiff has not received a copy of such policy.

29.  Failure to send, when requested, a copy of Defendant's do-not-call policy, violated 47 C.F.R. § 64.1200(d)(1) and subjects Defendant to injunctive relief in relation to Plaintiff and a statutory penalty in the amount of $500 – which can be trebled if found to have been made willfully and knowingly - under § 227(b)(3) of the TCPA.

## DEMAND FOR JUDGMENT

30.  **WHEREFORE,** Plaintiff Chester C. Graham respectfully requests an Order of this Court Stating:

(A)   Defendant World Wide Medical Services, Inc. willfully and knowingly violated § 227(b)(1)(A)(iii) and § 227(b)(1)(B) of the TCPA and 47 C.F.R. §64.1200(b)(1) each three times and willfully and knowingly violated 47 C.F.R. § 64.1200(b)(1) three times and 47 C.F.R. § 64.1200(d)(1) one time;

---

[6] 47 C.F.R. §64.1299(d)(1): "<u>Written policy</u>. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list."

(B)   Enjoining Defendant World Wide Medical Services, Inc. from further violations of § 227(b)(1)(A)(iii) and § 227(b)(1)(B) of the TCPA and 47 C.F.R. §47 C.F.R. § 64.1200(b)(1) and 47 C.F.R. § 64.1200(d)(1) in relation to Plaintiff Chester C. Graham;

(C)   Ordering Defendant World Wide Medical Services, Inc. to pay Plaintiff Chester C. Graham $10,500.00 for willful and knowing violating § 227(b)(1)(A)(iii) and § 227(b)(1)(B) of the TCPA and 47 C.F.R. § 64.1200(b)(1) twice and 47 C.F.R. § 64.1200(d)(1) once;

(D)   For such further relief as the Court deems just and reasonable.

Date: 4/13/2018          *[signature: Chester C. Graham]*
Chester C. Graham, Plaintiff and Attorney *pro se*
408 Spring Street North, Apt. #210
Northfield, Minnesota 55057-1581
chester474@gmail.com
Telephone: (507) 403-9014

## ACKNOWLEDGEMENT

The undersigned acknowledges that Disbursements, costs and witness fees may be awarded under Minn. Stat. § 529.211.

*[signature: Chester C. Graham]*
Chester C. Graham